**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **CardWare Inc.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | CIVIL ACTION NO. 7:24-cv-00279 |
| | § | |
| **Apple Inc.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

## CARDWARE INC.' S COMPLAINT FOR PATENT INFRINGEMENT

CardWare Inc. ("Plaintiff" or "CardWare"), by and through its undersigned counsel, brings this complaint against Apple Inc. ("Apple" or "Defendant") to hold Apple accountable for its infringement of CardWare's patented technology.  CardWare alleges as follows:

## INTRODUCTION

1.      Plaintiff CardWare is a leading innovator in the payment ecosystem and has developed groundbreaking patented technology that provides enhanced security for payment transactions, both in-store using Near-field Communication Technology ("NFC") and online, to securely communicate limited-use payment information with the merchant.

2.      Among other functionalities, CardWare's patented solution facilitates secure payment transactions by using a limited-use payment information instead of the static, issued card details that leave card details vulnerable to interception by fraudsters.  CardWare's technology has been so innovative that it has resulted in a multitude of patents, including U.S. Patent Nos. 10,339,520 ("the '520 Patent"); 10,628,820 ("the '820 Patent"); 10,810,579 ("the '579 Patent");

11,176,538 ("the '538 Patent"); 11,328,286 ("the '286 Patent"); and 11,620,634 ("the '634 Patent") (collectively, the "Asserted Patents").

3.      Apple is a leading manufacturer of electronic and mobile devices, including smartphones and smartwatches.  Apple Wallet and Apple Pay are integrated into all of Apple's electronic devices, including smartphones, smartwatches, desktop and laptop computers, tablets, and spatial computers, making it easy for users to securely complete online transactions.  Apple's smartphones and smartwatches also offer in-store, tap-to-pay functionality that relies on NFC technology incorporated into such devices,[1] enabling them to wirelessly communicate with nearby NFC-enabled payment terminals for secure, quick, and contactless payments.

4.      The fundamental security technology that underlies the success of Apple's Apple Pay and Apple Wallet offerings was developed by CardWare and thus infringes the Asserted Patents.  This infringement has been willful, at least because Apple has been aware of CardWare's technology and related patents since a 2017 meeting with David Wyatt, and because CardWare put Apple on notice of its infringement on or around October 10, 2023.

5.      With this action, CardWare seeks to recover damages and a reasonable royalty from Apple for its use of CardWare's patented technology.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges violations of federal law, namely, the Patent Act U.S. Patent Act, 35 U.S.C. §§ 1 *et seq.*

7.      This District has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to

---

[1] PayPal, Tap to Pay, PayPal Money Hub, https://www.paypal.com/us/money-hub/article/tap-to-pay (last visited Oct. 21, 2024).

this action; is present in and transacts and conducts business in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas. This Court further has personal jurisdiction over Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.*

8.      Defendant has infringed and continues to infringe the Asserted Patents, directly and through intermediaries, within this District and the State of Texas by making, using, selling, offering for sale, marketing, designing, and/or importing in or into this District and elsewhere in the State of Texas, its products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents.  Defendant's infringement, as alleged above and further herein has been, at least since the filing of this action, willful and in disregard of the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

9.      CardWare's causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed at this District and the State of Texas.

10.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).  Apple maintains regular and established places of business in this District and has committed acts of infringement in this District.

## **PARTIES**

11.      Plaintiff CardWare Inc. is a Texas corporation with its principal place of business located at 111 Congress Ave., Suite 500, Austin, Texas.[2]

12.      On information and belief, Defendant Apple Inc. is a California corporation with one or more regular established places of business in this District, at least at 12545 Riata Vista

---

[2] CardWare, Inc., "Contact Us," https://www.cardware.com/contact (last visited Oct. 21, 2024).

Circle, Austin, Texas 78727; 12801 Delcour Drive, Austin, Texas 78727; 6800 W Parmer Lane, Austin, Texas 78729, and 3121 Palm Way, Austin, Texas 78758.  Apple may be served with process through its registered agent, the CT Corp System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. Apple has been registered to do business in the State of Texas since at least May 16, 1980,[3] and has maintained offices in the States of Texas since at least 1992.[4]  As of March 2024, Apple had approximately 10,000 employees in the Austin area, making Apple the fourth-largest employer in the area and making Austin Apple's second-largest hub outside of California.[5]

## RELEVANT FACTS

### I.    CARDWARE'S INNOVATIVE BUSINESS

13.    CardWare is an American firm founded by Mr. David Wyatt, a seasoned engineer and inventor with a track record of over 100 U.S. patents.  The company develops secure systems for electronic payments including dynamic tokenization systems that enhance the security of mobile and electronic payments.

14.    The company was originally founded in California in December 2011 but was later moved to Texas to be closer to Mr. Wyatt's personal residence in Austin and to jumpstart CardWare's growth.  Mr. Wyatt is the architect and driving force behind CardWare's payment technology.  Mr. Wyatt's expertise spans several technological areas, including the development of software application programing interfaces ("APIs") that integrate with payment systems and

---

[3] *See* https://mycpa.cpa.state.tx.us/coa/search.do (search for "Apple Inc." under "Entity Name") (last visited Oct. 21, 2024).
[4] Aquila Commercial, "Apple's Austin Offices: History, Details & Predictions," https://aquilacommercial.com/learning-center/apple-austin-offices-headquarters-history-details-predictions/ (last visited Oct. 21, 2024).
[5] Patricia Rogers, "Tech Employers in the Austin area," Austin Business Journal (Mar. 19, 2024, 10:50 a.m. CDT), https://www.bizjournals.com/austin/subscriber-only/2024/03/08/tech-employers-in-the-austin-area.html; Cody Baird, "Apple plans multimillion-dollar renovation at longtime North Austin campus," Austin Business Journal (Apr. 3, 2024), https://www.bizjournals.com/austin/news/2024/04/03/apple-to-build-lab-space-older-w-parmer-ln-campus.html.

the design of physical cards for secure transactions.  His approach centers on creating highly secure, dynamic, and user-friendly solutions for modern payments, addressing consumer concerns about fraud and security.  His inventive contributions have helped CardWare provide groundbreaking innovations in the mobile payments market.

15.    CardWare's innovations include its SmartTokenization™ technology.  This technology enhances payment security by enabling payment cards with customizable features, such as generating one-time-use card information (replacing the issued card number and card verification value ("CVV")), setting custom expiration dates, or restricting usage to specific merchants, geographic locations, or payment amounts.  These features allow for tailored limits on transactions, adding an extra layer of protection for consumers.  The company's innovation addresses critical vulnerabilities in traditional payment methods—for in-store, card-present ("CP"), and online, card-not-present ("CNP"), transactions—which have been historically susceptible to theft through skimming and phishing.  CardWare has also developed and patented a numberless card that secures card details during in-store transactions preventing theft and fraud as compared to traditional credit cards that visually provide card details not only to the merchant but to anyone within reading distance of a presented card.

16.    Since moving to Texas, CardWare has hired new employees, presented at and sponsored payment industry events, and continued to innovate and file new patents.  For example, in September 2023, CardWare launched version 2.0 of its CardWare SDK,[6] which enables developers to leverage CardWare's secure payment technology in their own products.  In February 2024, CardWare launched the Card+ App, through which users can manage and customize their wallet of payment cards, and conveniently perform more-secure online payments.  In addition,

---

[6] SDK stands for "Software Development Kit."

CardWare offers physical smart cards for use with the CardWare™ SDK, in traditional plastic (Card+ Plastc™), recycled plastic (Card+ BioPlastc™), and metal (Card+ Metal™) forms.

17.     Overall, CardWare's technology has significantly advanced the market's understanding of payment systems and enhanced security and convenience for mobile transactions.

## II.     CARDWARE'S PATENTS

18.     CardWare is the exclusive owner by assignment of all rights, title, and interest in the Asserted Patents.  Among other benefits, each of the Asserted Patents enhances payment security, and reduces if not eliminates the risk of fraud, for both in-store and online transactions.

19.     The '520 Patent, entitled "MULTI-FUNCTIONAL CREDIT CARD TYPE PORTABLE ELECTRONIC DEVICE" was duly and legally issued on July 2, 2019.  A true and correct copy of the '520 Patent is attached hereto as **Exhibit A**.

20.     The '520 Patent has been in full force and effect since its issuance.  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '520 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '520 Patent.

21.     The '820 Patent, entitled "MULTI-FUNCTION ELECTRONIC PAYMENT DEVICE" was duly and legally issued on April 21, 2020.  A true and correct copy of the '820 Patent is attached hereto as **Exhibit B**.

22.     The '820 Patent has been in full force and effect since its issuance.  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '820 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '820 Patent.

23.     The '579 Patent, entitled "SMART TOKENIZING PAYMENT CARD AND DEVICE AND TRANSACTION PROCESSING THEREOF, SYSTEM AND METHOD" was

duly and legally issued on October 20, 2020.  A true and correct copy of the '579 Patent is attached hereto as **Exhibit C**.

24.     The '579 Patent has been in full force and effect since its issuance.  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '579 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '579 Patent.

25.     The '538 Patent, entitled "MULTI-FUNCTION SMART TOKENIZING ELECTRONIC PAYMENT DEVICE" was duly and legally issued on November 16, 2021.  A true and correct copy of the '538 Patent is attached hereto as **Exhibit D**.

26.     The '538 Patent has been in full force and effect since its issuance.  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '538 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '538 Patent.

27.     The '286 Patent, entitled "MULTI-FUNCTION ELECTRONIC PAYMENT CARD AND DEVICE SYSTEM" was duly and legally issued on May 10, 2022.  A true and correct copy of the '286 Patent is attached hereto as **Exhibit E**.

28.     The '286 Patent has been in full force and effect since its issuance.  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '286 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '286 Patent.

29.     The '634 Patent, entitled "MULTI-FUNCTION SMART TOKENIZING ELECTRONIC PAYMENT DEVICE" was duly and legally issued on April 4, 2023.  A true and correct copy of the '634 Patent is attached hereto as **Exhibit F**.

30.    CardWare is the exclusive owner by assignment of all rights, title, and interest in the '634 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '634 Patent.

### III.    APPLE'S INFRINGEMENT OF CARDWARE'S PATENTS

31.    CardWare restates and realleges the preceding paragraphs of this Complaint.

32.    Apple manufactures, uses, tests, markets, offers for sale, sells, and/or imports in or into the United States payment cards and electronic devices that are enabled with Apple Pay and/or Apple Wallet for making secure electronic payments.[7]

33.    Hereafter, the term "Accused Products" refers to all products manufactured, used, tested, imported, or sold by or on behalf of Apple that embody the systems and devices claimed by the Asserted Patents and all processes employed by Apple that practice the methods claimed by the Asserted Patents, consisting of the Apple Card payment card, the Apple Cash digital payment card, Apple Pay, Apple Wallet, and Apple-branded electronic devices that support Apple Pay, and/or Apple Wallet, including by way of example and without limitation, Apple iPhone smartphones, Apple iPad tablets, Apple Watch smartwatches, Apple Mac laptop and desktop computers, and the Apple Vision Pro spatial computer.

34.    On information and belief, Apple has pre-loaded Apple-branded electronic devices with Apple Pay, Apple Wallet, Apple Card, and Apple Cash-related software prior to offering them for sale to customers, thus allowing their customers to utilize the infringing functionalities of Apple Pay and/or Apple Wallet, with or without an accompanying Apple Card payment card or Apple

---

[7] *See, e.g.*, "Apple Pay," Apple, https://www.apple.com/apple-pay/ (last visited Oct. 21, 2024); "Wallet," Apple, https://www.apple.com/wallet/ (last visited Oct. 21, 2024); https://card.apple.com/; "Apple Cash," Apple, https://www.apple.com/apple-cash/ (last visited Oct. 21, 2024); "Devices compatible with Apple Pay," Apple https://support.apple.com/en-us/102896 (last visited Oct. 21, 2024).

Cash digital payment card, immediately after purchase.  On information and belief, Apple further pushed Apple Pay, Apple Wallet, Apple Card, and Apple Cash-related software updates to purchased Apple-branded electronic devices, thus allowing their customers utilize the infringing functionalities of Apple Pay and/or Apple Wallet, with or without an accompanying Apple Card payment card or Apple Cash digital payment card, to the extent that such functionalities were not available at their time of purchase.[8]

## CAUSES OF ACTION

### IV.     FIRST CLAIM — INFRINGEMENT OF THE '520 PATENT

35.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

36.     Apple has been on notice of the '520 Patent and a specific factual basis for its infringement of the '520 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

37.     Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 10 of the '520 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products.  An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 10 of the '520 Patent is attached hereto as **Exhibit G**.

38.     Apple has also indirectly infringed, and continues to indirectly infringe, the '520 Patent under 35 U.S.C. §§ 271(b) and (c).

---

[8] For example, the Apple Cash Virtual Card Number was not available until the iOS 17.4 release in March 2024. Chance Miller, "How to find your new Apple Cash card number in iOS 17.4," 9 To 5 Mac (Mar. 6, 2024 11:08 am PT), https://9to5mac.com/2024/03/06/apple-cash-virtual-card-number-feature/.

39.     Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 10 of the '520 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. *See* Exhibit G.

40.     Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 10 of the '520 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '520 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to facilitate storing and generating payment information on an electronic device, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '520 patent.

41.     Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '520 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '520 Patent. *See* Exhibit G.

42.     Apple's infringement of the '520 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**V.     SECOND CLAIM — INFRINGEMENT OF THE '820 PATENT**

43.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

44.     Apple has been on notice of the '820 Patent and a specific factual basis for its infringement of the '820 Patent since at least on or around October 10, 2023.  Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

45.     Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 11 of the '820 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 11 of the '820 Patent is attached hereto as **Exhibit H**.

46.     Apple has also indirectly infringed, and continues to indirectly infringe, the '820 Patent under 35 U.S.C. §§ 271(b) and (c).

47.     Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 11 of the '820 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District an throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials.  *See* Exhibit H.

48.     Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 11 of the '820 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '820 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Apple Pay is a material part of the claimed combination and specifically intended to generate and

convey payment information to be used in place of a card issuer payment information, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '820 Patent.

49.    Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '820 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '820 Patent. *See* Exhibit H.

50.    Apple's infringement of the '820 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

## VI.    THIRD CLAIM — INFRINGEMENT OF THE '579 PATENT

51.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

52.    Apple has been on notice of the '579 Patent and a specific factual basis for its infringement of the '579 patent since at least on or around October 10, 2023. Further Apple has been aware of CardWare's technology and related patents since at least 2017.

53.    Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 19 of the '579 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 19 of the '579 Patent is attached hereto as **Exhibit I**.

54.    Apple has also indirectly infringed, and continues to indirectly infringe, the '579 Patent under 35 U.S.C. §§ 271(b) and (c).

55.    Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 19 of the '579 Patent under 35 U.S.C. §§ 271(b)

(such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. *See* Exhibit I.

56.    Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 19 of the '579 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '579 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to work on an electronic device with a processor and NFC interface, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '579 Patent.

57.    Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '579 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '579 Patent. *See* Exhibit I.

58.    Apple's infringement of the '579 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

## VII.    FOURTH CLAIM — INFRINGEMENT OF THE '538 PATENT

59.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

60.    Apple has been on notice of the '538 Patent and a specific factual basis for its infringement of the '538 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

61.    Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 19 of the '538 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products.  An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 19 of the '538 Patent is attached hereto as **Exhibit J**.

62.    Apple has also indirectly infringed, and continues to indirectly infringe, the '538 Patent under 35 U.S.C. §§ 271(b) and (c).

63.    Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 19 of the '538 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials.  *See* Exhibit J.

64.    Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 19 of the '538 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '538 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to provide for secure payment transactions, as claimed.  There are no substantial non-infringing uses of Apple Pay other than as claimed in the '538 Patent.

65.    Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '538 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '538 Patent.  *See* Exhibit J.

66.    Apple's infringement of the '538 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

### VIII.    FIFTH CLAIM — INFRINGEMENT OF THE '286 PATENT

67.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

68.    Apple has been on notice of the '286 Patent and a specific factual basis for its infringement of the '286 Patent since at least on or around October 10, 2023.  Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

69.    Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 20 of the '286 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products.  An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 20 of the '286 Patent is attached hereto as **Exhibit K**.

70.    Apple has also indirectly infringed, and continues to indirectly infringe, the '286 Patent under 35 U.S.C. §§ 271(b) and (c).

71.    Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 20 of the '286 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering or sale, and encouraging its customers in this District and

throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials.  *See* Exhibit K.

72.     Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 20 of the '286 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '286 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

73.     Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '286 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '286 Patent.  *See* Exhibit K.  For example, Apple Pay is a material part of the claimed combination and specifically intended to generate and convey limited-use payment information, as claimed.  There are no substantial non-infringing uses of Apple Pay other than as claimed in the '286 Patent.

74.     Apple's infringement of the '286 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**IX.     SIXTH CLAIM — INFRINGEMENT OF THE '634 PATENT**

75.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

76.     Apple has been on notice of the '634 Patent and a specific factual basis for its infringement of the '634 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

77.     Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 1 of the '634 Patent, by making, using, testing, selling, leasing, licensing,

offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 1 of the '634 Patent is attached hereto as **Exhibit L**.

78.     Apple has also indirectly infringed, and continues to indirectly infringe, the '634 Patent under 35 U.S.C. §§ 271(b) and (c).

79.     Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '634 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering or sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials.  *See* Exhibit L.

80.     Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 1 of the '634 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '634 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.  For example, Apple Pay is a material part of the claimed combination and specifically intended to work on a system with a processor and NFC interface, as claimed. There are no substantial noninfringing uses of Apple Pay other than as claimed in the '634 Patent.

81.     Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '634 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '634 Patent.  *See* Exhibit L.

82.    Apple's infringement of the '634 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

## **TRIAL**

83.    Pursuant to Federal Rule of Civil Procedure 38(b), CardWare hereby demands a trial by jury on all issues triable to a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, CardWare prays for judgment against Apple as follows:

A.    That Apple has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the Asserted Patents;

B.    That Apple's infringement of one or more of the applicable Asserted Patents has been willful;

C.    That Apple pay CardWare damages adequate to compensate CardWare for Apple's past infringement of each of the Asserted Patents, and present and future infringement of the Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D.    That Apple pay CardWare prejudgment and post-judgment interest on the damages assessed;

E.    That Apple pay CardWare enhanced damages pursuant to 35 U.S.C. § 284;

F.    That Apple be enjoined from infringing the Asserted Patents, or if its infringement is not enjoined, that Apple be ordered to pay ongoing royalties to CardWare for any post-judgment infringement of the Asserted Patents;

G.     That this is an exceptional case under 35 U.S.C. § 285; and that Apple pay CardWare's attorneys' fees and costs in this action; and

H.     That CardWare be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

Dated: November 4, 2024                          Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789668
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903)534-1100
Fax: (903)534-1137
efindlay@findlaycraft.com

Matthew G. Berkowitz
Yue (Joy) Wang
Navid C. Bayar
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
ywang@reichmanjorgensen.com
nbayar@reichmanjorgensen.com

Caroline Walters
Khue Hoang
Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
cwalters@reichmanjorgensen.com
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

*Attorneys for Plaintiff*