## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

CARDWARE, INC.

              *Plaintiff*,

    v.

APPLE INC.,

              *Defendant*.

Civil Action No. 7:24-cv-00279

**JURY TRIAL DEMANDED**

### DEFENDANT APPLE INC.'S ANSWER
### TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Apple Inc. ("Apple") respectfully submits this response to the Complaint filed by CardWare, Inc. ("CardWare" or "Plaintiff"). Except as expressly admitted below, Apple denies each and every allegation set forth in the Complaint. Apple responds to the numbered paragraphs of the Complaint and the prayer for relief as follows:

### INTRODUCTION[1]

**Complaint No. 1:** Plaintiff CardWare is a leading innovator in the payment ecosystem and has developed groundbreaking patented technology that provides enhanced security for payment transactions, both in-store using Near-field Communication Technology ("NFC") and online, to securely communicate limited-use payment information with the merchant.

**Answer to Complaint No. 1:** Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

---

[1] For ease of reference, Apple has adopted the headings used in CardWare's Complaint. To the extent these headings contain any allegations to which a response is required, Apple denies any such allegations.

**Complaint No. 2:** Among other functionalities, CardWare's patented solution facilitates secure payment transactions by using a limited-use payment information instead of the static, issued card details that leave card details vulnerable to interception by fraudsters. CardWare's technology has been so innovative that it has resulted in a multitude of patents, including U.S. Patent Nos. 10,339,520 ("the '520 Patent"); 10,628,820 ("the '820 Patent"); 10,810,579 ("the '579 Patent"); 11,176,538 ("the '538 Patent"); 11,328,286 ("the '286 Patent"); and 11,620,634 ("the '634 Patent") (collectively, the "Asserted Patents").

**Answer to Complaint No. 2:** Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis denies them.

**Complaint No. 3:** Apple is a leading manufacturer of electronic and mobile devices, including smartphones and smartwatches. Apple Wallet and Apple Pay are integrated into all of Apple's electronic devices, including smartphones, smartwatches, desktop and laptop computers, tablets, and spatial computers, making it easy for users to securely complete online transactions. Apple's smartphones and smartwatches also offer in-store, tap-to-pay functionality that relies on NFC technology incorporated into such devices, enabling them to wirelessly communicate with nearby NFC-enabled payment terminals for secure, quick, and contactless payments.

**Answer to Complaint No. 3:** Apple admits that it manufactures iPhone and Apple Watch. Apple admits that it offers Apple Wallet and Apple Pay software on certain of its products, but denies that "Apple Pay and Apple Wallet are integrated into all of [its] electronic devices." The remaining allegations in Paragraph 3 call for legal conclusions and therefore no answer is required. To the extent a response is required, Apple denies the remaining allegations in Paragraph 3.

1615279724

**Complaint No. 4:** The fundamental security technology that underlies the success of Apple's Apple Pay and Apple Wallet offerings was developed by CardWare and thus infringes the Asserted Patents. This infringement has been willful, at least because Apple has been aware of CardWare's technology and related patents since a 2017 meeting with David Wyatt, and because CardWare put Apple on notice of its infringement on or around October 10, 2023.

**Answer to Complaint No. 4:** Denied.

**Complaint No. 5:** With this action, CardWare seeks to recover damages and a reasonable royalty from Apple for its use of CardWare's patented technology.

**Answer to Complaint No. 5:** Denied.

## JURISDICTION AND VENUE

**Complaint No. 6:** This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges violations of federal law, namely, the Patent Act U.S. Patent Act, 35 U.S.C. §§ 1 et seq.

**Answer to Complaint No. 6:** Apple admits that CardWare purports to bring an action for patent infringement. The remaining allegations in Paragraph 6 contain legal conclusions that require no answer. To the extent an answer is required, Apple denies that any factual or legal basis exists for any of CardWare's claims against Apple in this action, or that CardWare is entitled to any relief from Apple. Apple denies any remaining allegations of Paragraph 6.

**Complaint No. 7:** This District has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to this action; is present in and transacts and conducts business in this District and the State of Texas; and transacts and conducts business with residents of this District and the State of Texas. This Court further has personal jurisdiction over Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 et seq.

3

**Answer to Complaint No. 7:**  Apple admits that it has conducted business in the State of Texas. Apple admits that it is subject to general jurisdiction in this Court for the purposes of this action but denies that any factual or legal basis exists for any of CardWare's claims. The remaining allegations in Paragraph 7 call for legal conclusions and therefore no answer is required. To the extent a response is required, Apple denies the remaining allegations in Paragraph 7.

**Complaint No. 8:**  Defendant has infringed and continues to infringe the Asserted Patents, directly and through intermediaries, within this District and the State of Texas by making, using, selling, offering for sale, marketing, designing, and/or importing in or into this District and elsewhere in the State of Texas, its products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents. Defendant's infringement, as alleged above and further herein has been, at least since the filing of this action, willful and in disregard of the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

**Answer to Complaint No. 8:**  Denied.

**Complaint No. 9:**  CardWare's causes of action arise, at least in part, from Defendant's contacts with and activities in and/or directed at this District and the State of Texas.

**Answer to Complaint No. 9:**  CardWare's allegation in Paragraph 9 calls for a legal conclusion and therefore no answer is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 9.

**Complaint No. 10:**  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b). Apple maintains regular and established places of business in this District and has committed acts of infringement in this District.

1615279724

**Answer to Complaint No. 10:**  CardWare's allegation in Paragraph 10 calls for a legal conclusion and therefore no answer is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 10.

**PARTIES**

**Complaint No. 11:**  Plaintiff CardWare Inc. is a Texas corporation with its principal place of business located at 111 Congress Ave., Suite 500, Austin, Texas.

**Answer to Complaint No. 11:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis denies them.

**Complaint No. 12:**  On information and belief, Defendant Apple Inc. is a California corporation with one or more regular established places of business in this District, at least at 12545 Riata Vista Circle, Austin, Texas 78727; 12801 Delcour Drive, Austin, Texas 78727; 6800 W Parmer Lane, Austin, Texas 78729, and 3121 Palm Way, Austin, Texas 78758. Apple may be served with process through its registered agent, the CT Corp System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201. Apple has been registered to do business in the State of Texas since at least May 16, 1980, and has maintained offices in the States of Texas since at least 1992. As of March 2024, Apple had approximately 10,000 employees in the Austin area, making Apple the fourth-largest employer in the area and making Austin Apple's second-largest hub outside of California.

**Answer to Complaint No. 12:**  Apple admits that it is a corporation organized under the laws of the state of California. Apple admits that it has one or more regular and established places of business and has offices in Austin, Texas. Apple admits that it is registered to do business in the State of Texas and may be served through its registered agent, the CT Corp System, at 1999 Bryan St., Ste. 900 in Dallas, Texas 75201. Apple admits that CardWare purports to cite in footnotes to three public documents, which speak for themselves.

5

## RELEVANT FACTS

### I.     CARDWARE'S INNOVATIVE BUSINESS

**Complaint No. 13:**  CardWare is an American firm founded by Mr. David Wyatt, a seasoned engineer and inventor with a track record of over 100 U.S. patents. The company develops secure systems for electronic payments including dynamic tokenization systems that enhance the security of mobile and electronic payments.

**Answer to Complaint No. 13:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis denies them.

**Complaint No. 14:**  The company was originally founded in California in December 2011 but was later moved to Texas to be closer to Mr. Wyatt's personal residence in Austin and to jumpstart CardWare's growth. Mr. Wyatt is the architect and driving force behind CardWare's payment technology. Mr. Wyatt's expertise spans several technological areas, including the development of software application programing interfaces ("APIs") that integrate with payment systems and the design of physical cards for secure transactions. His approach centers on creating highly secure, dynamic, and user-friendly solutions for modern payments, addressing consumer concerns about fraud and security. His inventive contributions have helped CardWare provide groundbreaking innovations in the mobile payments market.

**Answer to Complaint No. 14:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis denies them.

**Complaint No. 15:**  CardWare's innovations include its SmartTokenizationTM technology. This technology enhances payment security by enabling payment cards with customizable features, such as generating one-time-use card information (replacing the issued card number and card verification value ("C\T\T")), setting custom expiration dates, or restricting usage to specific merchants, geographic locations, or payment amounts. These features allow for

6

tailored limits on transactions, adding an extra layer of protection for consumers. The company's innovation addresses critical vulnerabilities in traditional payment methods—for in-store, card-present ("CP"), and online, card-not-present ("CNP"), transactions—which have been historically susceptible to theft through skimming and phishing. CardWare has also developed and patented a numberless card that secures card details during in-store transactions preventing theft and fraud as compared to traditional credit cards that visually provide card details not only to the merchant but to anyone within reading distance of a presented card.

**Answer to Complaint No. 15:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis denies them.

**Complaint No. 16:**  Since moving to Texas, CardWare has hired new employees, presented at and sponsored payment industry events, and continued to innovate and file new patents. For example, in September 2023, CardWare launched version 2.0 of its CardWare SDK,6 which enables developers to leverage CardWare's secure payment technology in their own products. In February 2024, CardWare launched the Card+ App, through which users can manage and customize their wallet of payment cards, and conveniently perform more-secure online payments. In addition, CardWare offers physical smart cards for use with the CardWareTM SDK, in traditional plastic (Card+ PlastcTM), recycled plastic (Card+ BioPlastcTM), and metal (Card+ MetalTM) forms.

**Answer to Complaint No. 16:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 16, and on that basis denies them.

**Complaint No. 17:**  Overall, CardWare's technology has significantly advanced the market's understanding of payment systems and enhanced security and convenience for mobile transactions.

**Answer to Complaint No. 17:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis denies them.

## II.     CARDWARE'S PATENTS

**Complaint No. 18:**  CardWare is the exclusive owner by assignment of all rights, title, and interest in the Asserted Patents. Among other benefits, each of the Asserted Patents enhances payment security, and reduces if not eliminates the risk of fraud, for both in-store and online transactions.

**Answer to Complaint No. 18:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis denies them.

**Complaint No. 19:**  The '520 Patent, entitled "MULTI-FUNCTIONAL CREDIT CARD TYPE PORTABLE ELECTRONIC DEVICE" was duly and legally issued on July 2, 2019. A true and correct copy of the '520 Patent is attached hereto as **Exhibit A**.

**Answer to Complaint No. 19:**  Apple admits that U.S. Patent No. 10,339,520 is titled "Multi-functional Credit Card Type Portable Electronic Device." Apple admits that a document that purports to be a copy of the '520 patent is attached as **Exhibit A** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 and on that basis denies them.

**Complaint No. 20:**  The '520 Patent has been in full force and effect since its issuance. CardWare is the exclusive owner by assignment of all rights, title, and interest in the '520 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '520 Patent.

**Answer to Complaint No. 20:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis denies them.

**Complaint No. 21:** The '820 Patent, entitled "MULTI-FUNCTION ELECTRONIC PAYMENT DEVICE" was duly and legally issued on April 21, 2020. A true and correct copy of the '820 Patent is attached hereto as **Exhibit B**.

**Answer to Complaint No. 21:** Apple admits that U.S. Patent No. 10,628,820 is titled "Multi-function Electronic Payment Device." Apple admits that a document that purports to be a copy of the '820 patent is attached as **Exhibit B** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 and on that basis denies them.

**Complaint No. 22:** The '820 Patent has been in full force and effect since its issuance. CardWare is the exclusive owner by assignment of all rights, title, and interest in the '820 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '820 Patent.

**Answer to Complaint No. 22:** Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies them.

**Complaint No. 23:** The '579 Patent, entitled "SMART TOKENIZING PAYMENT CARD AND DEVICE AND TRANSACTION PROCESSING THEREOF, SYSTEM AND METHOD" was duly and legally issued on October 20, 2020. A true and correct copy of the '579 Patent is attached hereto as **Exhibit C**.

**Answer to Complaint No. 23:** Apple admits that U.S. Patent No. 10,810,579 is titled "Smart Tokenizing Payment Card and Device and Transaction Processing Thereof, System and Method." Apple admits that a document that purports to be a copy of the '579 patent is attached as **Exhibit C** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 and on that basis denies them.

1615279724

**Complaint No. 24:** The '579 Patent has been in full force and effect since its issuance. CardWare is the exclusive owner by assignment of all rights, title, and interest in the '579 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '579 Patent.

**Answer to Complaint No. 24:** Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

**Complaint No. 25:** The '538 Patent, entitled "MULTI-FUNCTION SMART TOKENIZING ELECTRONIC PAYMENT DEVICE" was duly and legally issued on November 16, 2021. A true and correct copy of the '538 Patent is attached hereto as **Exhibit D**.

**Answer to Complaint No. 25:** Apple admits that U.S. Patent No. 11,176,538 is titled "Multi-function Smart Tokenizing Electronic Payment Device." Apple admits that a document that purports to be a copy of the '538 patent is attached as **Exhibit D** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 and on that basis denies them.

**Complaint No. 26:** The '538 Patent has been in full force and effect since its issuance. CardWare is the exclusive owner by assignment of all rights, title, and interest in the '538 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '538 Patent.

**Answer to Complaint No. 26:** Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis denies them.

**Complaint No. 27:** The '286 Patent, entitled "MULTI-FUNCTION ELECTRONIC PAYMENT CARD AND DEVICE SYSTEM" was duly and legally issued on May 10, 2022. A true and correct copy of the '286 Patent is attached hereto as **Exhibit E**.

**Answer to Complaint No. 27:**  Apple admits that U.S. Patent No. 11,328,286 is titled "Multi-function Electronic Payment Card and Device System." Apple admits that a document that purports to be a copy of the '286 patent is attached as **Exhibit E** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 and on that basis denies them.

**Complaint No. 28:**  The '286 Patent has been in full force and effect since its issuance. CardWare is the exclusive owner by assignment of all rights, title, and interest in the '286 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '286 Patent.

**Answer to Complaint No. 28:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies them.

**Complaint No. 29:**  The '634 Patent, entitled "MULTI-FUNCTION SMART TOKENIZING ELECTRONIC PAYMENT DEVICE" was duly and legally issued on April 4, 2023. A true and correct copy of the '634 Patent is attached hereto as **Exhibit F**.

**Answer to Complaint No. 29:**  Apple admits that U.S. Patent No. 11,620,634 is titled "Multi-function Smart Tokenizing Electronic Payment Device." Apple admits that a document that purports to be a copy of the '634 patent is attached as **Exhibit F** to the Complaint. Apple lacks sufficient information to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 and on that basis denies them.

**Complaint No. 30:**  CardWare is the exclusive owner by assignment of all rights, title, and interest in the '634 Patent, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '634 Patent.

11

1615279724

**Answer to Complaint No. 30:**  Apple lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 30, and on that basis denies them.

### III.    APPLE'S INFRINGEMENT OF CARDWARE'S PATENTS

**Complaint No. 31:**  CardWare restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 31:**  Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 32:**  Apple manufactures, uses, tests, markets, offers for sale, sells, and/or imports in or into the United States payment cards and electronic devices that are enabled with Apple Pay and/or Apple Wallet for making secure electronic payments.

**Answer to Complaint No. 32:**  Apple admits that it offers for sale electronic devices. Apple admits that it offers Apple Wallet and Apple Pay software on certain of its products.

**Complaint No. 33:**  Hereafter, the term "Accused Products" refers to all products manufactured, used, tested, imported, or sold by or on behalf of Apple that embody the systems and devices claimed by the Asserted Patents and all processes employed by Apple that practice the methods claimed by the Asserted Patents, consisting of the Apple Card payment card, the Apple Cash digital payment card, Apple Pay, Apple Wallet, and Apple-branded electronic devices that support Apple Pay, and/or Apple Wallet, including by way of example and without limitation, Apple iPhone smartphones, Apple iPad tablets, Apple Watch smartwatches, Apple Mac laptop and desktop computers, and the Apple Vision Pro spatial computer.

**Answer to Complaint No. 33:**  The allegations in Paragraph 33 call for a legal conclusion and therefore no answer is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 33.

**Complaint No. 34:** On information and belief, Apple has pre-loaded Apple-branded electronic devices with Apple Pay, Apple Wallet, Apple Card, and Apple Cash-related software prior to offering them for sale to customers, thus allowing their customers to utilize the infringing functionalities of Apple Pay and/or Apple Wallet, with or without an accompanying Apple Card payment card or Apple Cash digital payment card, immediately after purchase. On information and belief, Apple further pushed Apple Pay, Apple Wallet, Apple Card, and Apple Cash-related software updates to purchased Apple-branded electronic devices, thus allowing their customers utilize the infringing functionalities of Apple Pay and/or Apple Wallet, with or without an accompanying Apple Card payment card or Apple Cash digital payment card, to the extent that such functionalities were not available at their time of purchase.

**Answer to Complaint No. 34:** Apple admits that it offers for sale Apple-branded electronic devices. Apple admits that it offers Apple Wallet and Apple Pay software on certain of its products. Apple denies that any of its products, services, or offerings infringe any of the asserted patents.

## CAUSE OF ACTION

### IV.     FIRST CLAIM – INFRINGEMENT OF THE '520 PATENT

**Complaint No. 35:** Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 35:** Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 36:** Apple has been on notice of the '520 Patent and a specific factual basis for its infringement of the '520 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

1615279724

**Answer to Complaint No. 36:** Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 36.

**Complaint No. 37:** Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 10 of the '520 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 10 of the '520 Patent is attached hereto as **Exhibit G**.

**Answer to Complaint No. 37:** Apple admits that **Exhibit G** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 37.

**Complaint No. 38:** Apple has also indirectly infringed, and continues to indirectly infringe, the '520 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 38:** Denied.

**Complaint No. 39:** Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 10 of the '520 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. See Exhibit G.

**Answer to Complaint No. 39:** Denied.

**Complaint No. 40:** Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 10 of the '520 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '520 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to facilitate storing and generating payment information on an electronic device, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '520 patent.

**Answer to Complaint No. 40:** Denied.

**Complaint No. 41:** Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '520 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '520 Patent. See Exhibit G.

**Answer to Complaint No. 41:** Denied.

**Complaint No. 42:** Apple's infringement of the '520 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 42:** Denied.

## V.    SECOND CLAIM -- INFRINGEMENT OF THE '820 PATENT

**Complaint No. 43:** Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 43:** Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 44:** Apple has been on notice of the '820 Patent and a specific factual basis for its infringement of the '820 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

**Answer to Complaint No. 44:** Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 44.

**Complaint No. 45:** Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 11 of the '820 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 11 of the '820 Patent is attached hereto as **Exhibit H.**

**Answer to Complaint No. 45:** Apple admits that **Exhibit H** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 45.

**Complaint No. 46:** Apple has also indirectly infringed, and continues to indirectly infringe, the '820 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 46:** Denied.

**Complaint No. 47:** Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 11 of the '820 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District an throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing

1615279724

manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. *See* Exhibit H.

**Answer to Complaint No. 47:**  Denied.

**Complaint No. 48:**  Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 11 of the '820 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '820 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically intended to generate and convey payment information to be used in place of a card issuer payment information, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '820 Patent.

**Answer to Complaint No. 48:**  Denied.

**Complaint No. 49:**  Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '820 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '820 Patent. See Exhibit H.

**Answer to Complaint No. 49:**  Denied.

**Complaint No. 50:**  Apple's infringement of the '820 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 50:**  Denied.

1615279724

## VI.    THIRD CLAIM — INFRINGEMENT OF THE '579 PATENT

**Complaint No. 51:** Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 51:** Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 52:** Apple has been on notice of the '579 Patent and a specific factual basis for its infringement of the '579 patent since at least on or around October 10, 2023. Further Apple has been aware of CardWare's technology and related patents since at least 2017.

**Answer to Complaint No. 52:** Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 52.

**Complaint No. 53:** Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 19 of the '579 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 19 of the '579 Patent is attached hereto as **Exhibit I**.

**Answer to Complaint No. 53:** Apple admits that **Exhibit I** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 53.

**Complaint No. 54:** Apple has also indirectly infringed, and continues to indirectly infringe, the '579 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 54:** Denied.

**Complaint No. 55:** Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 19 of the '579 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. See Exhibit I.

**Answer to Complaint No. 55:** Denied.

**Complaint No. 56:** Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 19 of the '579 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '579 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to work on an electronic device with a processor and NFC interface, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '579 Patent.

**Answer to Complaint No. 56:** Denied.

**Complaint No. 57:** Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '579 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '579 Patent. *See* Exhibit I.

**Answer to Complaint No. 57:** Denied.

**Complaint No. 58:** Apple's infringement of the '579 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 58:** Denied.

## VII.    FOURTH CLAIM -- INFRINGEMENT OF THE '538 PATENT

**Complaint No. 59:** Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 59:** Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 60:** Apple has been on notice of the '538 Patent and a specific factual basis for its infringement of the '538 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

**Answer to Complaint No. 60:** Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 60.

**Complaint No. 61:** Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 19 of the '538 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 19 of the '538 Patent is attached hereto as **Exhibit J**.

**Answer to Complaint No. 61:** Apple admits that **Exhibit J** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 61.

**Complaint No. 62:**  Apple has also indirectly infringed, and continues to indirectly infringe, the '538 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 62:**  Denied.

**Complaint No. 63:**  Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 19 of the '538 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering for sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. See Exhibit J.

**Answer to Complaint No. 63:**  Denied.

**Complaint No. 64:**  Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 19 of the '538 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '538 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically designed and intended to provide for secure payment transactions, as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '538 Patent.

**Answer to Complaint No. 64:**  Denied.

**Complaint No. 65:**  Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '538 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '538 Patent. See Exhibit J.

**Answer to Complaint No. 65:**  Denied.

**Complaint No. 66:**  Apple's infringement of the '538 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 66:**  Denied.

## VIII.    FIFTH CLAIM — INFRINGEMENT OF THE '286 PATENT

**Complaint No. 67:**  Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 67:**  Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 68:**  Apple has been on notice of the '286 Patent and a specific factual basis for its infringement of the '286 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

**Answer to Complaint No. 68:**  Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 68.

**Complaint No. 69:**  Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 20 of the '286 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 20 of the '286 Patent is attached hereto as **Exhibit K**.

**Answer to Complaint No. 69:**  Apple admits that **Exhibit K** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 69.

**Complaint No. 70:** Apple has also indirectly infringed, and continues to indirectly infringe, the '286 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 70:** Denied.

**Complaint No. 71:** Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 20 of the '286 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering or sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. See Exhibit K.

**Answer to Complaint No. 71:** Denied.

**Complaint No. 72:** Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 20 of the '286 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '286 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use.

**Answer to Complaint No. 72:** Denied.

**Complaint No. 73:** Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '286 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '286 Patent. See Exhibit K. For example, Apple Pay is a material part of the claimed combination and specifically intended to generate and convey limited-use payment information,

as claimed. There are no substantial non-infringing uses of Apple Pay other than as claimed in the '286 Patent.

**Answer to Complaint No. 73:**  Denied.

**Complaint No. 74:**  Apple's infringement of the '286 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 74:**  Denied.

**IX.    SIXTH CLAIM — INFRINGEMENT OF THE '634 PATENT**

**Complaint No. 75:**  Plaintiff restates and realleges the preceding paragraphs of this Complaint.

**Answer to Complaint No. 75:**  Apple incorporates its responses to all preceding paragraphs, as if fully set forth herein.

**Complaint No. 76:**  Apple has been on notice of the '634 Patent and a specific factual basis for its infringement of the '634 Patent since at least on or around October 10, 2023. Further, Apple has been aware of CardWare's technology and related patents since at least 2017.

**Answer to Complaint No. 76:**  Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, Apple denies the allegations contained in Paragraph 76.

**Complaint No. 77:**  Apple has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, and continues to directly infringe, one or more claims, including without limitation at least claim 1 of the '634 Patent, by making, using, testing, selling, leasing, licensing, offering for sale, and/or importing into the United States the Accused

Products. An exemplary claim chart concerning one way in which Defendant's Accused Products infringe claim 1 of the '634 Patent is attached hereto as **Exhibit L**.

**Answer to Complaint No. 77:**  Apple admits that **Exhibit L** purports to be a claim chart. Apple denies the remaining allegations of Paragraph 77.

**Complaint No. 78:**  Apple has also indirectly infringed, and continues to indirectly infringe, the '634 Patent under 35 U.S.C. §§ 271(b) and (c).

**Answer to Complaint No. 78:**  Denied.

**Complaint No. 79:**  Apple has willfully, knowingly, and intentionally actively aided, abetted, and induced others to directly infringe at least claim 1 of the '634 Patent under 35 U.S.C. §§ 271(b) (such as its customers in this District and throughout the United States), and continues to do so, by, for example, selling, offering or sale, and encouraging its customers in this District and throughout the United States to use its Accused Products in an infringing manner by providing information and technical support, including in promotional materials, product manuals, brochures, videos, demonstrations, and website materials. See Exhibit L.

**Answer to Complaint No. 79:**  Denied.

**Complaint No. 80:**  Apple has contributed to, and continues to contribute to, the direct infringement of at least claim 1 of the '634 Patent under 35 U.S.C. § 271(c) by, for example, supplying, with knowledge of the '634 Patent, a material part of a claimed combination, where such material part is not a staple article of commerce and is incapable of substantial noninfringing use. For example, Apple Pay is a material part of the claimed combination and specifically intended to work on a system with a processor and NFC interface, as claimed. There are no substantial noninfringing uses of Apple Pay other than as claimed in the '634 Patent.

**Answer to Complaint No. 80:**  Denied.

**Complaint No. 81:**  Apple has contributed to, and continues to contribute to, its customers' and/or other third parties' infringement because, with knowledge of the '634 Patent, Defendant supplied, and continues to supply, the technology that allows its customers to infringe the '634 Patent. See Exhibit L.

**Answer to Complaint No. 81:**  Denied.

**Complaint No. 82:**  Apple's infringement of the '634 Patent has been willful and exceptional in view of the above, as well as its failure to take any action, even after being put on notice, to stop its infringement, or inducement of, or contribution to, infringement by others.

**Answer to Complaint No. 82:**  Denied.

## TRIAL

**Complaint No. 83:**  Pursuant to Federal Rule of Civil Procedure 38(b), CardWare hereby demands a trial by jury on all issues triable to a jury.

**Answer to Complaint No. 83:**  CardWare's demand for jury trial does not contain facts that Apple must admit or deny. Apple demands trial by jury on all claims, defenses, and issues.

## PRAYER FOR RELIEF

CardWare's Prayer for Relief does not contain any facts that Apple must admit or deny. To the extent an answer is required, Apple denies the statements contained therein.

## AFFIRMATIVE DEFENSES

Apple reserves the right to amend its Answer, including by asserting any additional defenses as they become known during the course of this action. Without altering any applicable burden of proof, Apple asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    CardWare's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2.       One or more of the claims of the '520, '820, '579, '538, '286, and '634 patents (collectively the "asserted patents") are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103 and/or 112. Apple incorporates by reference the contents of its forthcoming invalidity contentions.

## THIRD AFFIRMATIVE DEFENSE
### (Noninfringement)

3.       Apple has not infringed, and currently does not infringe, any valid claim of the asserted patents directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner. The Apple products identified by CardWare in the Complaint, and any other Apple products alleged to infringe, do not infringe any claim of the asserted patents, and Apple has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to CardWare.

## FOURTH AFFIRMATIVE DEFENSE
### (Exhaustion and License)

4.       CardWare's claims, in whole or in part, are barred by the doctrine of patent exhaustion, express license, and/or implied license.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.       CardWare is estopped from pursuing infringement allegations in this litigation, including prosecution history estoppel from construing the claims of the asserted patents in such a way as may cover any of Apple's products or services, in whole or in part, based on statements, representations, and admissions made during the prosecution of the asserted patents.

6.      CardWare is estopped from pursuing infringement allegations in this litigation under the equitable doctrines of estoppel and/or laches. CardWare alleges that Apple had a "2017 meeting with David Wyatt," but CardWare thereafter failed to file an action for patent infringement or otherwise pursue any relief for more than six years.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Damages and Costs)

7.      CardWare's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288.

8.      CardWare is precluded from seeking pre-suit damages due to noncompliance with the marking and actual notice requirements under 35 U.S.C. § 287(a).

9.      CardWare is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

10.     CardWare is not entitled to any form of injunctive relief because CardWare has not suffered and will not suffer irreparable harm due to Apple's alleged infringement, CardWare has adequate remedy at law, the balance of hardships between CardWare and Apple does not support injunctive relief, and the public interest does not support injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

11.     By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the asserted patents, CardWare's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel. To the extent CardWare's alleged claim for infringement of any of

the asserted patents is based on the doctrine of equivalents, CardWare is barred under the

doctrine of prosecution history estoppel and/or other limits to the doctrine of equivalents, and

CardWare is estopped from claiming that the asserted patents cover any accused method, system,

and/or product.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

12.    CardWare has not proven that it has all substantial rights in the asserted patents,

and until CardWare proves such, CardWare's claims against Apple are barred because CardWare

has not proven that it has standing to assert the asserted patents.

## TENTH AFFIRMATIVE DEFENSE
### (Actions Of Others)

13.    CardWare's claims are barred, in whole or in part, because Apple is not liable for

the acts of others over whom it has no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Causation)

14.    CardWare's claims are barred, in whole or in part, because CardWare's damages,

if any, were not caused by Apple.

## TWELFTH AFFIRMATIVE DEFENSE|
### (No Exceptional Case)

15.    CardWare cannot prove that this is an exceptional case justifying an award of

attorneys' fees against Apple pursuant to 35 U.S.C. § 285.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

16.    CardWare is not entitled to enhanced damages under 35 U.S.C. § 284 because

CardWare has failed to meet, and cannot meet as a matter of law, the requirements for willful

infringement.

1615279724

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure To Mark)

17.     CardWare is limited in its right to seek damages due to a failure to mark products covered by any of the asserted patents including but not limited to products covered by any of the asserted patents made, used, offered for sale, or sold by CardWare, and prior and current assignees and licensees of any of the asserted patents.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Territoriality)

18.     To the extent CardWare's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Ensnarement)

19.     On information and belief, CardWare's claims are barred by the doctrine of ensnarement. CardWare is foreclosed from asserting infringement under the doctrine of equivalents to the extent that the scope of such equivalent would ensnare prior art.

## RESERVATION OF AFFIRMATIVE DEFENSES

20.     Apple hereby reserves the right to supplement its affirmative defenses as discovery proceeds in this case.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows:

A.     CardWare takes nothing by way of its Complaint;

B.     A judgment in favor of Apple and against CardWare, thereby dismissing CardWare's Complaint in its entirety, with prejudice, and deny CardWare all requested relief;

1615279724

C.      A declaration that Apple has not infringed, either directly or indirectly, any valid

claims of the asserted patents;

D.      An award to Apple of its attorneys' fees and expenses of litigation;

E.      An entry of judgment against CardWare for the amount of damages that Apple

proves at trial; and

F.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Apple respectfully

demands a jury trial of all issues triable to a jury in this action.

Dated: January 10, 2025                    Respectfully submitted,

*/s/ John M. Guaragna*
John M. Guaragna
Texas Bar No 24043308
Zachary Loney
Texas Bar No. 24092714
Nandan R. Padmanabhan
Texas Bar No 24145172
DLA PIPER LLP (US)
303 Colorado, Suite 3000
Austin, TX 78701
Tel: (512) 457-7125
Fax: (512) 457-7001
john.guaragna@us.dlapiper.com
zachary.loney@us.dlapiper.com
nandan.padmanabhan@us.dlapiper.com

Sean Cunningham
Erin Gibson
Robert Williams
Peter Maggiore
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: (858) 677-1400
Fax: (858) 677-1401

sean.cunningham@us.dlapiper.com
erin.gibson@us.dlapiper.com
robert.williams@us.dlapiper.com
peter.maggiore@us.dlapiper.com

Benjamin Yaghoubian
Martin Ellison (*pro hac vice pending*)
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel: (310) 595-3000
Fax: (310) 595-3300
benjamin.yaghoubian@us.dlapiper.com
martin.ellison@us.dlapiper.com

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing via

electronic mail to all counsel of record. Any other counsel of record will be served by first class

U.S. mail.

*/s/ John M. Guaragna*
John M. Guaragna

1615279724