IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **CardWare Inc.,** | § | |
|       **Plaintiff,** | § § § | |
| v. | § | **CIVIL ACTION NO. 7:24-cv-00279-ADA** |
| **Apple Inc.,** | § § | **JURY TRIAL DEMANDED** |
|       **Defendant.** | § § | |

**CASE READINESS STATUS REPORT**

Plaintiff CardWare Inc. ("Plaintiff") and Defendant Apple, Inc. ("Defendant") (collectively, "the Parties") hereby provide the following status report pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.4—Patent Cases ("OGP").

**I.    SCHEDULE**

A scheduling order has not yet been filed. *Markman* hearing and trial dates have not yet been proposed.

On January 16, 2025, the Parties sent a joint email to the Law Clerks for Judge Albright and Magistrate Judge Gilliland seeking clarification as to the status of this case as a CRSR Related Case as it relates to the *CardWare Inc. v. Google LLC*, Case No. 7:24-cv-00278-DC-DTG litigation (the "Google case") pending before Judge Counts and Mag. Judge Gilliland. Both cases were filed on the same day and involve overlapping asserted patents, but are before different courts. *See infra* Section V. It is unclear from the language of the OGP if the Court considers these related cases such that they would be coordinated through *Markman* and for a single *Markman* hearing. CardWare and Apple do not object to a single *Markman* hearing, but because the cases are assigned to different judges it is unclear if the Court considers the cases coordinated for purposes of the OGP.

1

If the cases are not considered coordinated and CRSR related cases, then the Parties' present CRSR would be due today as Apple filed its Answer (Dkt. No. 16) on January 10, 2025. If the cases are considered CRSR related cases, Google LLC's ("Google") response to the Complaint is not due until January 27, 2025, such that the CRSR in the present case would be due on February 3, 2025. As of today, the Parties have not received a response from their January 16, 2025 email inquiry to the Court and, out of an abundance of caution, have filed the CRSR today. However, for purposes of calculating the remaining dates set forth in the Court's OGP that are keyed off of the filing of the CRSR, the Parties agree to use the February 3, 2025 date that this CRSR would have been filed if classified as a CRSR Related Case.

Therefore, per Section II of the Court's OGP, the Parties will file a joint motion for entry of a Scheduling Order by March 3, 2025, two weeks after the Case Management Conference ("CMC"), which is deemed to occur 14 days after filing of the CRSR on February 3, 2025.

## II. FILING AND EXTENSIONS

Plaintiff's Complaint (Dkt. No. 1) was filed on November 4, 2024. There has been one extension for a total of 45 days. *See* Dkt. No. 15.

## III. RESPONSE TO THE COMPLAINT

Defendant responded to the Complaint with an Answer on January 10, 2025. No counterclaims were filed. *See* Dkt. No. 16.

## IV. PENDING MOTIONS

There are no pending motions.

## V. RELATED CASES IN THIS JUDICIAL DISTRICT

Plaintiff identified the following case as a related case at the time of filing: *CardWare Inc. v. Google LLC*, Civil Action No. 7:24-cv-00278-DC-DTG (W.D. Tex. filed Nov. 4, 2024). In this

related case, Plaintiff has asserted U.S. Patent Nos. 10,339,520; 10,810,579; 11,176,538; and 11,620,634. Plaintiff has asserted each of these patents against Defendant in the present proceeding. *See infra* Section VII.

Plaintiff believes that the present proceeding and the Google case would be considered CRSR Related Cases pursuant to Section I of the OGP if they were before the same Article III District Judge. Accordingly, if it pleases the Court, and in the interest of judicial efficiency, Plaintiff believes that the present proceeding and the Google case should be consolidated for pretrial proceedings, or their case schedules coordinated for claim construction purposes through the *Markman* hearing.

Defendant is not opposed to coordinating the present proceeding through the *Markman* hearing following the same schedule as the schedule set in the Google case. However, Defendant does not believe that pretrial consolidation with the Google case is appropriate, including at least because the cases are assigned to different district court judges.

## VI.    IPR, CBM, AND OTHER PGR FILINGS

There are no known pending IPR, CBM, or other PGR filings.

The following IPR, CBM, or other PGR proceedings were terminated before filing of the present proceeding:

- Case No. PGR2023-00012, against U.S. Patent No. 11,328,286, was filed on January 20, 2023 and docketed on February 14, 2023, instituted on August 11, 2023, and terminated by agreement of the parties on November 21, 2023.
- Case No. PGR2023-00013, against U.S. Patent No. 11,328,286, was filed January 20, 2023 and docketed on February 14, 2023, instituted on August 11, 2023, and terminated by agreement of the parties on November 21, 2023.
- Case No. IPR2023-00314, against U.S. Patent No. 10,628,820, was filed December 23, 2022 and docketed on January 20, 2023, instituted on July 18, 2023, and terminated by agreement of the parties on November 21, 2023.
- Case No. IPR2023-00219, against U.S. Patent No. 11,176,538, was filed November 28, 2022 and docketed on December 15, 2022. Institution was denied on June 13, 2023.

- Case No. IPR2023-00196, against U.S. Patent No. 10,810,579, was filed November 21, 2022 and docketed on December 15, 2022, instituted on June 13, 2023, and terminated by agreement of the parties on November 21, 2023.
- Case No. IPR2023-00210, against U.S. Patent No. 10,339,520, was filed on November 15, 2022 and docketed on December 15, 2022. Institution was denied on June 13, 2023.
- Case No. IPR2023-00211, against U.S. Patent No. 10,339,520, was filed on November 15, 2022 and docketed on December 15, 2022, instituted on June 13, 2023, and terminated by agreement of the parties on November 21, 2023.

### VII. NUMBER OF ASSERTED PATENTS AND CLAIMS

Plaintiff has asserted six patents including a total of 196 claims. The asserted patents are U.S. Patent Nos. 10,339,520; 10,628,820; 10,810,579; 11,176,538; 11,328,286; and 11,620,634.

Per Section II of the Court's OGP and based on a February 3, 2025 CRSR filing date, Plaintiff will serve Preliminary Infringement Contentions by February 10, 2025, seven days before the CMC, which is deemed to occur 14 days after filing of the February 3, 2025 CRSR filing date.

### VIII. APPOINTMENT OF TECHNICAL ADVISOR

Plaintiff defers to the Court on whether to appoint a technical advisor to the case to assist the Court with claim construction or other technical issues.

Defendant does not request the appointment of a technical advisor and defers to the Court.

### IX. MEET AND CONFER STATUS

Plaintiff and Defendant met and conferred. Plaintiff believes that the present proceeding and the Google case should be consolidated for pretrial proceedings, or their case schedules coordinated for claim construction purposes through the *Markman* hearing and Defendant is not opposed to coordinating the present proceeding through the *Markman* hearing following the same schedule as the schedule set in the Google case. However, Defendant does not believe that pretrial consolidation with the Google case is appropriate, including at least because the cases are assigned

to different district court judges.  *See supra* Section V.  The Parties have no other pre-*Markman* issues to raise at the CMC.

| | |
|---|---|
| Dated: January 17, 2025 | Respectfully submitted, |

*/s/ Eric H. Findlay*____
Matthew G. Berkowitz
Yue (Joy) Wang
Navid C. Bayar
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
ywang@reichmanjorgensen.com
nbayar@reichmanjorgensen.com

Caroline Walters
Khue Hoang
Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
cwalters@reichmanjorgensen.com
khoang@reichmanjorgensen.com
pcolsher@reichmanjorgensen.com

Eric H. Findlay
State Bar No. 00789668
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903)534-1100
Fax: (903)534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

*Attorneys for Plaintiff*

*/s/ John M. Guaragna*_____
John M. Guaragna
Texas Bar No 24043308
Zachary Loney
Texas Bar No. 24092714
Nandan R. Padmanabhan
Texas Bar No 24145172
6

DLA PIPER LLP (US)
303 Colorado, Suite 3000
Austin, TX 78701
Tel: (512) 457-7125
Fax: (512) 457-7001
john.guaragna@us.dlapiper.com
zachary.loney@us.dlapiper.com
nandan.padmanabhan@us.dlapiper.com

Sean Cunningham
Erin Gibson
Robert Williams
Peter Maggiore
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: (858) 677-1400
Fax: (858) 677-1401
sean.cunningham@us.dlapiper.com
erin.gibson@us.dlapiper.com
robert.williams@us.dlapiper.com
peter.maggiore@us.dlapiper.com

Benjamin Yaghoubian
Martin Ellison (*pro hac vice pending*)
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel: (310) 595-3000
Fax: (310) 595-3300
benjamin.yaghoubian@us.dlapiper.com
martin.ellison@us.dlapiper.com

ATTORNEYS FOR DEFENDANT
APPLE INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record through the Court's CM/ECF on this 17th day of January, 2025.

*/s/ Eric H. Findlay*
Eric H. Findlay
